## RIPS v. HERMAN.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913. Rehearing Denied June 26, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error in refusing to permit appellant to argue his general demurrer and special exceptions cannot be considered, where it is not followed by any statement except a

reference to the record where the assignment of error is copied, and there is no reference to a bill of exceptions, or to any action by the court on the matters of which complaint is made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 741*)—ASSIGNMENTS OF ERROR—GENERAL ASSIGNMENTS.

An assignment of error in refusing to grant a new trial, the grounds of the motion for which are appended to and made a part of the assignment of error without any statement, is too general and multifarious to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3037, 3038; Dec. Dig. § 741.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by A. J. Herman against Henry C. Rips. From a judgment for plaintiff, defendant appeals. Affirmed.

A. B. Cowen, of San Antonio, for appellant.

FLY, C. J. Appellee, an architect, sued appellant to recover $2,000, alleged to be due him for plans and specifications for a house, prepared at the instance and request of appellant and accepted by him. A trial by the court resulted in a judgment for appellee in the sum of $1,881.20.

[1] The first assignment of error complains of a refusal upon the part of the court to permit him to argue his general demurrer and special exceptions. It is not followed by any statement except a reference to the record where the assignment of error is copied. There is no reference to a bill of exceptions, or to any action of the court on the matter of which complaint is made. There are no bills of exception found in the record. The assignment cannot be considered.

The second assignment of error is too general to be considered, and is not followed by a statement of the evidence pertinent to it.

[2] The third assignment of error is that the court erred in refusing to grant him a new trial; the grounds of the motion for new trial being appended to and made a part of the assignment of error. It is not followed by any statement, and is too general and multifarious for consideration.

While not demanded by the brief, we have examined the facts, and find that they are ample to sustain the judgment of the court.

The judgment is affirmed.